COURT.
You must reduce your notice of special matter to form, showing what it is, or we cannot regard it. If such a proceeding was had in an inferior court we should be compelled to reverse it on error, and we cannot countenance the practice here — the jury are sworn to try the issues, nothing else.
The trespass complained of was the fishing on the plaintiff’s land by large and noisy parties, contrary to his request. One point of the defence was that the plaintiff was not in possession when the acts complained of were done, having rented to his son-in-law, who was in possession.
*294 • COLLETT, C. J. to the jury. If the plaintiff was in possession when the acts complained of were committed, he has a right to recover in this action. But if he were merely owner, and had parted with possession to a tenant, and the act merely injured the possession, he cannot recover in this suit. To cut off his right to sue he must have parted with the entire possession; for if, as owner, the plaintiff merely suffered his son-in-law to conduct the mill, and account to him for a portion of the profits, such occupancy does not divest the possession of the owner, nor affect his right to Inaintain trespass. If possession was given of the mill only, although that might secure the tenant the right to enter upon the adjoining land in order to keep the mill and race in repair, such possession would not operate to divest the owner of the land so as to cut off his right to an action of trespass.
Verdict and judgment for the plaintiff.